IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| ERNESTO G. PASION,<br><br>    Plaintiff,<br><br>  vs.<br><br>COUNTY OF KAUAI; JAY FURFARO;<br>JOHN DOES 1-10, JANE DOES 1-<br>10, DOE CORPORATIONS 1-10,<br>and/or OTHER DOE ENTITIES 1-<br>10,<br><br>    Defendants. | ) CIVIL NO. 13-00676 ACK-RLP<br>)<br>) FINDINGS AND RECOMMENDATION TO<br>) GRANT PLAINTIFF'S MOTION FOR<br>) REMAND<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

FINDINGS AND RECOMMENDATION TO GRANT
PLAINTIFF'S MOTION FOR REMAND[1]

Before the Court is Plaintiff Ernest G. Pasion's ("Plaintiff"), Motion for Remand, filed on January 2, 2014 ("Motion"). See ECF No. 10. Plaintiff seeks an order remanding this case to the Circuit Court of the Fifth Circuit, State of Hawaii ("State Court") and awarding attorneys' fees and costs.

On January 7, 2014, the Court found this matter suitable for disposition without a hearing pursuant to Local Rule 7.2(d) of the Local Rules of Practice for the United States

---

[1] Within fourteen (14) days after a party is served with a copy of the Findings and Recommendation, that party may, pursuant to 28 U.S.C. § 636(b)(1)(B), file written objections in the United States District Court. A party must file any objections within the fourteen-day period allowed if that party wants to have appellate review of the Findings and Recommendation. If no objections are filed, no appellate review will be allowed.

District Court for the District of Hawaii.  See ECF No. 13.  On January 16, 2014, Defendant County of Kauai (the "County") and Defendant Jay Furfaro ("Furfaro") (collectively "Defendants") filed their memoranda in opposition to Plaintiff's Motion, and on January 30, 2014, Plaintiff filed his reply.  See ECF Nos. 14-16.  Based on the following, and after careful consideration of the Motion, the supporting and opposing memoranda, declarations, and exhibits attached thereto, and the record established in this action, the Court FINDS AND RECOMMENDS that Plaintiff's Motion be GRANTED.

## BACKGROUND

On September 16, 2009, Plaintiff was appointed to a six-year term as the Kauai County Auditor.  Compl., ECF No. 1-1, at ¶¶ 13-14.  As the Auditor, Plaintiff leads his office in conducting performance audits of County funds, programs, and operations.  Id. ¶ 20.  The audit plan for fiscal year 2010 included a certain performance audit to analyze County fuel costs, consumption, and management to identify issues and give recommendations regarding increased efficiency ("Fuel Audit").  Id. ¶ 25.  The Fuel Audit revealed, among other things, that a certain high elected official ("Official A") used a County gas card assigned to a seldom-used Transportation Agency vehicle to purchase gas for Official A's private vehicle.  Id. ¶¶ 26-27.  This meant that Official A was using County resources and

taxpayers' monies for what appeared to be a personal purpose. Id. ¶ 27.

Plaintiff was concerned that Official A's conduct could be and was a violation of law. Id. ¶ 28. Accordingly, Plaintiff reported suspected violations of law to the County, through the Kauai County Council (the "Council"), and after further investigation, to law enforcement (the Attorney General for the State of Hawaii). Id. ¶¶ 29-44. The Kauai Police Department ("KPD") subsequently opened its own investigation, and Plaintiff directed his office to turn over documents related to the Fuel Audit in response to a KPD subpoena. Id. ¶¶ 45-47.

Plaintiff understands that Defendant Furfaro, Chair of the County Council, and Official A are political allies. Id. ¶ 48. Plaintiff alleges that, due to this political alliance, and as a result of Plaintiff's reporting activities, Defendant Furfaro retaliated against Plaintiff. Id. ¶ 49. Specifically, Plaintiff alleges that Defendants began a pattern of adverse employment actions against Plaintiff, which included: harassment; refusing to afford Plaintiff special counsel where such counsel would be routine; intentionally impeding Plaintiff from being able to do his job as County Auditor; seizing, removing, and copying all computers in the Auditor's Office; making arbitrary demands; threats by Defendants to "discipline" or "terminate" Plaintiff; and actual discipline by the Council, including suspending and placing Plaintiff on probation. Id. ¶¶ 50-99.

On November 25, 2013, Plaintiff filed his Complaint in State Court, asserting the following claims: violation of the Hawaii Whistleblowers' Protection Act, Hawaii Revised Statutes ("HRS") Chapter 378 (Count I); illegal common law retaliation (Count II); negligence (Count III); violation of the Kauai County Charter (Count IV); and Declaratory Relief (Count V). Id. ¶¶ 102-129.

On December 10, 2013, the County filed its Notice of Removal ("Removal Notice"), which Defendant Furfaro joined on December 12, 2013. See ECF Nos. 1, 6. Defendants assert that the Court has federal question jurisdiction, pursuant to 28 U.S.C. § 1331. See ECF No. 1, at 7. Because Plaintiff believes that his Complaint contains only state law claims, his counsel asked the County's counsel to remand the case. See Bennett Decl. Ex. 1. The parties worked on a possible stipulation but were unable to agree to remand. See Bennett Decl. Exs. 2-3. The instant Motion followed.

## LEGAL STANDARD

The removal statute, 28 U.S.C. § 1441, provides, in pertinent part: "[A]ny civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant . . . to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a). There is a "strong presumption" against removal, and

"[f]ederal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992). See also Luther v. Countrywide Home Loans Servicing, LP, 533 F.3d 1031, 1034 (9th Cir. 2008) ("[R]emoval statutes are strictly construed against removal."). "The presumption against removal means that the defendant always has the burden of establishing that removal is proper." Moore-Thomas v. Alaska Airlines, Inc., 553 F.3d 1241, 1244 (9th Cir. 2009). "If at any time before the final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c).

ANALYSIS

**A.   The Well-Pleaded Complaint Rule**

District courts "have federal jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. The presence or absence of federal question jurisdiction is governed by the well-pleaded complaint rule, which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint. Caterpillar v. Williams, 482 U.S. 386, 392 (1987). The rule makes the plaintiff "the master of his complaint," and the plaintiff may avoid federal jurisdiction by relying exclusively on state law. Id. Hunter v. Philip Morris USA, 582 F.3d 1039, 1042 (9th Cir. 2009).

More specifically, the "arising under" qualification of § 1331 confers district courts with jurisdiction to hear "[o]nly those cases in which a well-pleaded complaint establishes either that [1] federal law creates the cause of action or that [2] the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law." Armstrong v. N. Mariana Islands, 576 F.3d 950, 954-55 (9th Cir. 2009) (citations and internal quotation marks omitted).  In the second instance, the Supreme Court has made clear that the mere presence of a federal issue in a state suit does not, by itself, give rise to federal question jurisdiction. Grable & Sons Metal Prods., Inc. v. Darue Eng'g & Mfg., 545 U.S. 308, 314 (2005).  Instead, the relevant question is "does a state-law claim necessarily raise a stated federal issue, actually disputed and substantial, which a federal forum may entertain without disturbing any congressionally approved balance of federal and state judicial responsibilities." Id.  See also Empire Healthchoice Assurance, Inc. v. McVeigh, 547 U.S. 677, 701 (2006) ("Grable emphasized that it takes more than a federal element 'to open the "arising under" door.'") (quoting Grable, 545 U.S. at 313).

Whether the complaint states a claim "arising under" federal law "must be ascertained by the legal construction of the plaintiff's allegations, and not by the effect attributed to those allegations by the adverse party." Ultramar Am. Ltd. v.

6

Dwelle, 900 F.2d 1412, 1414 (9th Cir. 1990) (quoting Tenn. v. Union & Planters' Bank, 152 U.S. 454, 460 (1894)) (internal quotation marks omitted).  "When a claim can be supported by alternative and independent theories -- one of which is a state law theory and one of which is a federal law theory -- federal question jurisdiction does not attach because federal law is not a necessary element of the claim." Rains v. Criterion Sys., Inc., 80 F.3d 339, 346 (9th Cir. 1996) (citing Christianson v. Colt Indus. Operating Corp., 486 U.S. 800 (1988)).

**B.  Plaintiff's Complaint Does Not Necessarily Depend on Resolution of a Substantial Question of Federal Law**

The parties' jurisdictional dispute centers around two paragraphs in Plaintiff's Complaint:

> **iv.  The Unconstitutional Executive Session to Fire Pasion**
>
> 83.  The adverse employment actions by Defendant against Pasion culminated in an unconstitutional Executive Session run by Furfaro to determine whether to terminate Pasion - without ever giving Pasion notice of any specific charges against him, let alone any evidence (if any) supporting those unknown charges, or the constitutionally necessary opportunity to respond after appropriate notice.
>
> 84.  In fact, in response to Pasion's repeated requests for notice of the charges against him, and the evidence (if any) supporting those charges, in July 2013, the Council's external attorney transmitted a "document dump" of over 6,000 pages of documents, with no explanation as to their relevancy, and again no statement as to any

7

> purported charge or charges against Pasion upon which the Council was considering removing him.

Compl. ¶¶ 83-84 (bold and underline in original). Defendants contend that these paragraphs confer federal question jurisdiction on two grounds. First, Defendants argue that under the liberal "notice pleading" standard of Rule 8 of the Federal Rules of Civil Procedure, these paragraphs give rise to "due process/equal protection type claims" under the Fourteenth Amendment of the United States Constitution. Cnty.'s Mem. Opp. Mot. 2-6; Furfaro Mem. Opp. Mot. 8-13. Second, Defendants assert that Plaintiff's state law claims require resolution of substantial questions of federal law. See Cnty.'s Mem. Opp. Mot. 7-9.

Defendants are wrong on both accounts. The Ninth Circuit's decision in Rains is on point. In Rains, the court considered "whether a plaintiff may allege a violation of Title VII of the Civil Rights Act of 1964's policy against religious discrimination as part of a state law cause of action without converting his claim into a Title VII action or an action that depends on substantial federal question." Id. at 80 F.3d 341-42. The Rains plaintiff filed suit in state court, asserting state law claims for, *inter alia*, wrongful termination in violation of public policy and intentional interference with contractual

8

relations. Id. at 342. The Rains complaint referred directly and indirectly to federal law, i.e., Title VII. Id. at 343.

The Ninth Circuit *sua sponte* determined that the district court lacked federal question jurisdiction over the Rains complaint. Id. at 342-43. In finding that the plaintiff did not assert a Title VII claim, the court stated:

> The direct and indirect references to Title VII in those two state law causes of action do not make those claims into federal causes of action. . . . That the same facts could have been the basis for a Title VII claim does not make Rains' wrongful termination claims into a federal cause of action. Rains chose to bring a state claim rather than a Title VII claim, and was entitled to do so.

Id. at 344. Moreover, in analyzing whether the plaintiff's claims depended on a substantial federal question, the Ninth Circuit explained:

> The invocation of Title VII as a basis for establishing an element of a state law cause of action does not confer federal question jurisdiction when the plaintiff also invokes a state constitutional provision or state statute that can and does serve the same purpose. . . . Here, Title VII is not a "necessary element" of the state law claim because state law independently espouses the same public policy established by Title VII. Although the complaint refers to Title VII as one basis for demonstrating that there is a public policy against employment discrimination on the basis of religious belief, the complaint also refers to the California Constitution and to the CFEHA, both of which prohibit employment discrimination on the basis of religion.

Id. at 345-46.  The court concluded by holding that "[w]hen a claim can be supported by alternative and independent theories -- one of which is a state law theory and one of which is a federal law theory -- federal question jurisdiction does not attach because federal law is not a necessary element of the claim." Id. at 346 (noting that the Supreme Court "decided that very issue" in Christianson, 486 U.S. 800).

Similar to Rains, in this case, Plaintiff alleges only state law causes of action and describes an executive session as "unconstitutional," which allegedly discussed whether to terminate Plaintiff without giving him the "constitutionally" necessary opportunity to respond after appropriate notice, see Compl. ¶ 83, as a non-exclusive means of supporting his state law causes of action.  Defendants' reliance on Rule 8's notice pleading standard is misplaced.  Defendants have failed to cite a single case -- nor is the Court aware of any -- in which the Ninth Circuit has departed from the well-pleaded complaint rule in favor of a facial plausibility standard with respect to the propriety of removal.  Plaintiff chose to bring state law claims rather than a Fourteenth Amendment claim, and was entitled to do so.  See Rains, 80 F.3d at 344.  See also Ultramar, 900 F.2d at 1414 (plaintiff's complaint "must be ascertained by the legal construction of the plaintiff's allegations, and not by the effect attributed to those allegations by the adverse party").

Furthermore, the United States Constitution is not a "necessary element" of any of Plaintiff's state law claims.  As in Rains, the sufficiency of Plaintiff's claims does not rest entirely on federal law.  Instead, Plaintiff cites Hawaii statutory and common law in support of his state law claims.  Because Plaintiff's claims can be supported by alternative and independent federal and state law theories, federal question jurisdiction does not attach.  See Rains, 80 F.3d at 346.  Indeed, Defendants' characterization of the import of the disputed paragraphs regarding the allegedly "unconstitutional" executive session is telling: "such allegations, if true," would "support," "lend support to," or "further boost" Plaintiff's causes of action.  Cnty. Mem. Opp. Mot. 8-9.  "'Arising under' federal jurisdiction only arises, then, when the federal law does more than just shape a court's interpretation of state law; the federal law must be *at issue*."  Int'l Union of Operating Eng'rs v. Cnty. of Plumas, 559 F.3d 1041, 1045 (9th Cir. 2009) (italics in original).  Defendants fail to show how Plaintiff's Complaint "necessarily raise[s] a stated federal issue, actually disputed and substantial."  Grable, 545 U.S. at 314.  Therefore, the Court concludes that removal was improper and the case should be remanded.

**C.     Attorneys' Fees**

Where a case is improperly removed, the district court "may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." 28 U.S.C. § 1447(c).  The court has "wide discretion" under § 1447(c).  Moore v. Permanente Med. Grp., 981 F.2d 443, 447 (9th Cir. 1992).  However. "[a]bsent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal."  Martin v. Franklin Capital Corp., 546 U.S. 132, 141 (2005).  The Martin Court also instructed:

> The appropriate test for awarding fees under § 1447(c) should recognize the desire to deter removals sought for the purpose of prolonging litigation and imposing costs on the opposing party, while not undermining Congress' basic decision to afford defendants a right to remove as a general matter, when the statutory criteria are satisfied.

Id. at 140.

Here, Defendants lacked an objectively reasonable basis for removing the action on federal question jurisdiction grounds. Defendants ignored binding Supreme Court and Ninth Circuit precedent regarding the well-pleaded complaint rule and focused their oppositions on a Rule 8 standard that has never been applied in the removal context.  Defendants were presented with multiple opportunities to review the controlling case law and to stipulate to remand following Plaintiff's counsel's

12

correspondence and Motion, to no avail.  See Rossetto v. Oaktree Capital Mgmt., LLC, 664 F. Supp. 2d 1122, 1130-31 (D. Haw. 2009) (awarding attorneys' fees where, upon review of applicable statute and case law, defendants would have learned that removal was improper).  Even when Plaintiff's counsel offered to eliminate the express references to the "unconstitutional" executive session and to stipulate that no federal claims were being asserted in the Complaint, Defendants refused to agree to remand unless wholesale changes to the disputed paragraphs were made.  See Bennett Decl. Ex. 2.  Defendants' position resulted in delaying the timely litigation of this case in the appropriate state forum, as well as increased costs to Plaintiff and this Court.  For these reasons, the Court finds that an award of attorneys' fees and costs is appropriate.  Plaintiff shall file documentation in support of his request for attorneys' fees and costs, in compliance with Local Rule 54.3, see Pl.'s Mem. Supp. Mot. 22 n.9, by no later than fourteen (14) days after this Findings and Recommendation is acted upon.[2]  Any opposition shall be filed by no later than fourteen (14) days after Plaintiff's filing; no reply shall be permitted.

---

[2] Because an award of attorneys' fees pursuant to 28 U.S.C. § 1447(c) is collateral to the decision to remand, the district court retains jurisdiction after remand to entertain plaintiff's motion for fees.  Moore, 981 F.2d at 448.

CONCLUSION

In accordance with the foregoing, the Court FINDS and RECOMMENDS that Plaintiff's Motion for Remand, filed on January 2, 2014, be GRANTED.

IT IS SO FOUND AND RECOMMENDED.

DATED: HONOLULU, HAWAII, FEBRUARY 19, 2014.



_____
Richard L. Puglisi
United States Magistrate Judge

PASION V. CNTY. OF KAUAI, ET AL.; CIVIL NO. 13-00676 ACK-RLP; FINDINGS AND RECOMMENDATION TO GRANT PLAINTIFF'S MOTION FOR REMAND