WeIN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| ERNESTO G. PASION,<br><br>       Plaintiff,<br><br>  vs.<br><br>COUNTY OF KAUAI; JAY FURFARO;<br>JOHN DOES 1-10, JANE DOES 1-<br>10, DOE CORPORATIONS 1-10,<br>and/or OTHER DOE ENTITIES 1-<br>10,<br><br>       Defendants. | CIVIL NO. 13-00676 ACK-RLP<br><br>FINDINGS AND RECOMMENDATION TO<br>GRANT IN PART AND DENY IN PART<br>PLAINTIFF'S MOTION FOR<br>ATTORNEYS' FEES AND COSTS<br>PURSUANT TO REMAND |

FINDINGS AND RECOMMENDATION TO GRANT IN PART AND DENY IN PART
PLAINTIFF'S MOTION FOR ATTORNEYS' FEES AND COSTS
<u>PURSUANT TO REMAND</u>[1]

      Before the Court is Plaintiff Ernest G. Pasion's ("Plaintiff"), Motion for Attorneys' Fees and Costs Pursuant to Findings and Recommendation to Grant Plaintiff's Motion for Remand, filed on March 12, 2014 ("Motion"). <u>See</u> ECF No. 22. Plaintiff seeks an award of $12,636.26 for attorneys' fees and costs incurred in obtaining remand of this case to the Circuit Court of the Fifth Circuit, State of Hawaii ("state court").

---

    [1] Within fourteen (14) days after a party is served with a copy of the Findings and Recommendation, that party may, pursuant to 28 U.S.C. § 636(b)(1)(B), file written objections in the United States District Court. A party must file any objections within the fourteen-day period allowed if that party wants to have appellate review of the Findings and Recommendation. If no objections are filed, no appellate review will be allowed.

The Court finds this matter suitable for disposition without a hearing pursuant to LR 54.3(f) of the Local Rules of Practice for the United States District Court for the District of Hawaii. On March 24, 2014, Defendants County of Kauai and Jay Furfaro (collectively "Defendants") filed their joint memorandum in opposition to Plaintiff's Motion. See ECF No. 25. No reply was permitted. See ECF No. 17, at 13. Based on the following, and after careful consideration of the Motion, the supporting and opposing memoranda, declarations, and exhibits attached thereto, and the record established in this action, the Court FINDS AND RECOMMENDS that Plaintiff's Motion be GRANTED IN PART AND DENIED IN PART. The Court RECOMMENDS that the District Judge AWARD Plaintiff $8,606.72 in attorneys' fees and $40.50 in costs for a total award of $8,647.22.

ANALYSIS

A. **Entitlement to Attorneys' Fees and Costs**

On February 19, 2014, the Court issued its Findings and Recommendation to Grant Plaintiff's Motion for Remand ("F&R"). See ECF No. 17. In addition to finding that this action should be remanded to state court, the Court also found that Plaintiff was entitled to an award of attorneys' fees and costs incurred as a result of the removal pursuant to 28 U.S.C. § 1447(c). See id. at 12-13. Defendants did not file an objection to the F&R, and on March 11, 2014, the District Judge issued an Order Adopting

2

Magistrate Judge's Findings and Recommendation. See ECF No. 21. Thus, for the reasons previously stated in its F&R, the Court concludes that Plaintiff is entitled to an award of attorneys' fees and costs.

**B. Calculation of Reasonable Attorneys' Fees**

Under federal law, reasonable attorneys' fees are generally based on the traditional "lodestar" calculation set forth in <u>Hensley v. Eckerhart</u>, 461 U.S. 424, 433 (1983). Under this method, a court must determine a reasonable fee by multiplying "the number of hours reasonably expended on the litigation" by "a reasonable hourly rate." <u>Hensley</u>, 461 U.S. at 433. "[T]he lodestar analysis applies to requests for attorney's fees pursuant to [28 U.S.C.] § 1447." <u>Ramos v. Murakami</u>, Civ. No. 06-00126 HG-LEK, 2006 WL 3248376, at *5 (D. Haw. Nov. 6, 2006).

Once calculated, the lodestar amount is presumptively reasonable. See <u>Pennsylvania v. Del. Valley Citizens' Council for Clean Air</u>, 483 U.S. 711, 728 (1987); <u>Fischer v. SJB-P.D. Inc.</u>, 214 F.3d 1115, 1119 n.4 (9th Cir. 2000) (stating that "a 'strong presumption' exists that the lodestar figure represents a 'reasonable fee'"). However, in "rare and exceptional circumstances," a court may decide to adjust the lodestar figure based on an evaluation of the factors articulated in <u>Kerr v. Screen Extras Guild, Inc.</u>, 526 F.2d 67, 70 (9th Cir. 1975), which

have not been subsumed in the lodestar calculation.[2]  See

Fischer, 214 F.3d at 1119 n.4.  The factors the Ninth Circuit

identified in Kerr are:

> (1) the time and labor required, (2) the novelty and difficulty of the questions involved, (3) the skill requisite to perform the legal service properly, (4) the preclusion of other employment by the attorney due acceptance of the case, (5) the customary fee, (6) whether the fee is fixed or contingent, (7) time limitations imposed by the client or the circumstances, (8) the amount involved and the results obtained, (9) the experience, reputation, and ability of the attorneys, (10) the "undesirability" of the case, (11) the nature and length of the professional relationship with the client, and (12) awards in similar cases.

Kerr, 526 F.2d at 70.

Here, Plaintiff requests the following lodestar amount

for work performed by his counsel:

---

[2] The following factors are subsumed within the lodestar determination: "(1) the novelty and complexity of the issues, (2) the special skill and experience of counsel, (3) the quality of representation, . . . (4) the results obtained, and (5) the contingent nature of the fee agreement." Morales v. City of San Rafael, 96 F.3d 359, 364 n.9 (9th Cir. 1996) (stating that "[a]djusting the lodestar on the basis of subsumed reasonableness factors after the lodestar has been calculated, instead of adjusting the reasonable hours or reasonable hourly rate at the first step . . . is a disfavored procedure") (citations and quotations omitted).  The Ninth Circuit, however, extending City of Burlington v. Dague, 505 U.S. 557, 567 (1992), has held that whether the fee is fixed or contingent may not be considered in the lodestar calculation.  See Davis v. City & Cnty. of S.F., 967 F.2d 1536, 1549 (9th Cir. 1992), *vacated in part on other grounds*, 984 F.2d 345 (9th Cir. 1993).

| **ATTORNEY** | **HOURS** | **RATE** | **TOTAL** |
|---|---|---|---|
| Mark J. Bennett (MJB) | 2.70 | $450.00 | $1,215.00 |
| Brandi B. Balanda (BBB) | 47.00 | $230.00 | $10,810.00 |
| SUBTOTAL | 49.70 | | $12,025.00 |
| Kauai GET of 4.166% | | | $500.96 |
| **TOTAL** | | | **$12,525.96** |

See Bennett Decl. ¶ 11; Bennett Decl. Ex. 1, at 5.

**1. Reasonable Hourly Rate**

In determining whether an hourly rate is reasonable, "the district court should be guided by the rate prevailing in the community for similar work performed by attorneys of comparable skill, experience, and reputation." Webb v. Ada County, 285 F.3d 829, 840 (9th Cir. 2002) (citing Chalmers v. City of Los Angeles, 796 F.2d 1205, 1210-11 (9th Cir. 1986)); see also Gates v. Deukmejian, 987 F.2d 1392, 1405 (9th Cir. 1992) (noting that the rate awarded should reflect "the rates of attorneys practicing in the forum district"). In addition to their own statements, attorneys are required to submit additional evidence that the rate charged is reasonable. Jordan v. Multnomah County, 815 F.2d 1258, 1263 (9th Cir. 1987).

Here, Plaintiff's counsel submitted their resumes, along with a declaration from another Hawaii litigation attorney, William Meheula, as evidence that their proposed hourly rates are reasonable. The Court is well aware of the prevailing rates in

the community for similar services performed by attorneys of comparable experience, skill, and reputation. Based on this Court's knowledge of the community's prevailing rates, the hourly rates generally granted by the Court, the Court's familiarity with this case, and Plaintiff's counsel's submissions, this Court finds that the requested hourly rates are excessive.

### a. A Reasonable Hourly Rate for Mark Bennett is $385

Mr. Bennett has been licensed to practice law in Hawaii since 1980. He has extensive litigation experience, including working as an Assistant U.S. Attorney in Honolulu, a partner in private practice, and Hawaii's Attorney General. Notwithstanding Mr. Bennett's impressive resume, however, the Court finds that a rate of $450 per hour is excessive in this case.

Specifically, the Court follows the reasoning of this district's recent decision in Au v. Funding Group, Inc., 933 F. Supp. 2d 1264 (D. Haw. 2013). In Au, the Court found that $395 per hour was a reasonable hourly rate for a senior partner-level litigation attorney with slightly more experience than Mr. Bennett. Id. at 1274-75. Although that attorney had previously been awarded an hourly rate of $450, the Court declined to accept that hourly rate in Au. Id. at 1275. The Court reasoned:

> [G]iven its extensive experience with attorneys' fees motions, this Court believes that $450 is excessive and not in line with the fee awards in this district. To ensure consistency within this district, the Court is guided by the hourly rates generally awarded

> in this district, not the amounts charged to clients, nor rates that appear to be outliers.

Id.

Similarly, Mr. Bennett's $450 requested hourly rate is excessive and not in line with the fee awards in this district. Moreover, this case is not complex, and Mr. Meheula, a litigator who has been practicing for a comparable length of time to Mr. Bennett, only charges $400 per hour. See Meheula Decl. ¶ 11. Accordingly, the Court concludes that a reasonable hourly rate for Mr. Bennett is $385.

### b. A Reasonable Hourly Rate for Brandi Balanda is $155

Ms. Balanda has been practicing law in Hawaii since 2010. During this time, she has been an associate attorney at a private law firm practicing commercial litigation. The Court has previously found that attorneys with approximately four years of experience were entitled to hourly rates of $150. See e.g., Seven Signatures Gen. P'ship v. Irongate Azrep BW LLC, 871 F. Supp. 2d 1040, 1054 (D. Haw. 2012). Given the passage of time, the Court concludes that a reasonable hourly rate for Ms. Balanda is $155.

### 2. Hours Reasonably Expended

Beyond establishing a reasonable hourly rate, the fee applicant bears the burden of documenting the appropriate hours expended in the litigation and must submit evidence in support of

those hours worked.  Hensley, 461 U.S. at 437; Gates, 987 F.2d at 1397.  The opposing party then has the burden of rebuttal that requires submission of evidence challenging the accuracy and reasonableness of the hours charged or the facts asserted by the fee applicant in its affidavits.  Id. at 1397-98.

In making an award, the district court must balance between granting sufficient fees to attract qualified counsel and avoiding a windfall to counsel.  Moreno v. City of Sacramento, 534 F.3d 1106, 1111 (9th Cir. 2008).  The court is required to explain how it made its fee determination in a comprehensible, but not elaborate, fashion.  Id.; see also Hensley, 461 U.S. at 437 (stating that the court's explanation may be "concise," but must also be "clear").  The court need not set forth an hour-by-hour analysis of the fee request but may instead make across-the-board percentage cuts to the number of hours claimed as a "practical means of trimming the fat" from a fee application.  Gates, 987 F.2d at 1399.  Indeed, the court has the authority to impose "a small reduction, no greater than ten percent - a 'haircut' - based on its exercise of discretion and without a more specific explanation."  Moreno, 534 F.3d at 1111.

    **a.   Excessive Hours Billed**

First, Defendants contend that the total number of hours Plaintiff's counsel spent working on obtaining remand of this case (39.9 hours) is excessive.  A district court's

reasonableness inquiry must be limited to determining whether the fees requested are justified for the particular work performed and the results achieved in the case. Moreno, 534 F.3d at 1115. "By and large, the court should defer to the winning lawyer's professional judgment as to how much time he was required to spend on a case; after all, he won, and might not have, had he been more of a slacker." Id. at 1112. Here, the Court elects to defer to Plaintiff's counsel's judgment as to how much time was needed to successfully litigate this case. Accordingly, the Court declines to deduct any hours from Plaintiff's counsel's time as excessive.

    **b.**    **Clerical Work**

Second, Defendants object to some of Ms. Balanda's time entries as billing for clerical or ministerial work. Clerical or ministerial tasks are not compensable because such tasks are part of an attorney's overhead and are reflected in the charged hourly rate. HRPT Props. Trust v. Lingle, 775 F. Supp. 2d 1225, 1241 (D. Haw. 2011). Examples of clerical work include: filing court documents or confirming that court documents have been filed; organizing and maintaining files and binders for intra-office use; delivering or transmitting documents; preparing memoranda for office files; bates stamping or other labeling of documents; organizing documents for production; coordinating service of documents; and formatting or printing documents; reviewing court-

generated notices; notifying clients of court hearings; communications with court staff; scheduling; and corresponding regarding deadlines. See id.; Ko Olina Dev., LLC v. Centex Homes, Civ. No. 09-00272 DAE-LEK, 2011 WL 1235548, at *12 (D. Haw. Mar. 29, 2011).

Defendants assert that ten of Ms. Balanda's time entries are for clerical work. After review of these entries, however, the Court finds that only a portion of one entry, on January 2, 2014, related to filing of the motion for remand is actually clerical in nature. Therefore, the Court will deduct 0.2 hours of Ms. Balanda's time as non-compensable clerical work.

### c. Duplicative Time

Finally, Defendants assert that some work is non-compensable as duplicative. The Court does not permit more than one attorney to bill for attending: (1) a meeting between co-counsel; (2) a client meeting; or (3) a meeting with opposing counsel. Seven Signatures, 871 F. Supp. 2d at 1055. See also HRPT Props., 775 F. Supp. 2d at 1240 ("duplicative time spent by multiple attorneys is non-compensable"). In such a situation, the time spent by the lowest-billing attorney(s) is deducted. Id. After review of Plaintiff's counsel's timesheets and Defendants' objections thereto, the Court finds that 0.2 hours that Ms. Balanda and Mr. Bennett billed for participating in the

Rule 26 meeting of the parties on December 26, 2013 should be deducted.

 **3. Total Lodestar Award**

Based on the foregoing, the Court finds that Plaintiff has established the appropriateness of an award of attorneys' fees as follows:

| **ATTORNEY** | **HOURS** | **RATE** | **TOTAL** |
|---|---|---|---|
| Mark J. Bennett (MJB) | 2.70 | $385.00 | $1,039.50 |
| Brandi B. Balanda (BBB) | 46.60[3] | $155.00 | $7,223.00 |
| SUBTOTAL | 49.30 | | $8,262.50 |
| Kauai GET of 4.166% | | | $344.22 |
| **TOTAL** | | | **$8,606.72** |

**C.  Costs**

Plaintiff originally sought $106.30 in costs for document production, but he has since amended his request to $40.60.  See Bennett Aff., ECF No. 29, at ¶ 8.  Plaintiff's present request consists of 270 pages of copies at $0.15 per page.  Id. at ¶ 10.  The Court finds that these costs are reasonable.  According to the Court's calculation, however, this totals $40.50, so it appears that a typographical or mathematical error resulted in Plaintiff seeking an additional $0.10.

---

[3]  47.00 hours - 0.2 hours clerical work - 0.2 hours duplicative time = 46.60 hours

Therefore, the Court concludes that Plaintiff should be awarded $40.50 in costs.

## CONCLUSION

In accordance with the foregoing, the Court HEREBY FINDS AND RECOMMENDS that Plaintiff's Motion for Attorneys' Fees and Costs Pursuant to Findings and Recommendation to Grant Plaintiff's Motion for Remand, filed on March 12, 2014, be GRANTED IN PART AND DENIED IN PART. The Court RECOMMENDS that the District Judge AWARD Plaintiff $8,606.72 in attorneys' fees and $40.50 in costs for a total award of $8,647.22.

IT IS SO FOUND AND RECOMMENDED.

DATED: HONOLULU, HAWAII, APRIL 10, 2014.

_____
Richard L. Puglisi
United States Magistrate Judge

PASION V. CNTY. OF KAUAI, ET AL.; CIVIL NO. 13-00676 ACK-RLP; FINDINGS AND RECOMMENDATION TO GRANT IN PART AND DENY IN PART PLAINTIFF'S MOTION FOR ATTORNEYS' FEES AND COSTS PURSUANT TO REMAND